UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**REECE CARR, individually and on behalf of all others similarly situated,**

**-against-**

No: 5:19-cv-00212

**PATRIOT WELL SOLUTIONS, LLC**

COLLECTIVE AND CLASS ACTION COMPLAINT

SUMMARY

1.      This lawsuit seeks to recover overtime compensation for Reece Carr ("Carr") and his similarly situated co-workers –wireline operators and all other similar workers (together, "Wireline Operators") - who work or have worked for Patriot Well Solutions ("Patriot" or "Defendant") in the United States.

2.      Headquartered in Denver, Colorado and with offices in Pleasanton, Texas; Odessa Texas; Fort Lupton, Colorado; Brighton, Colorado; Casper, Wyoming; and Billings, Montana, Patriot is a leading provider of wireline and coiled tubing services in the Rocky Mountain region,[1] and continues to extend its services throughout the United States.[2]

3.      Since its formation in 2016, Patriot has made several significant and strategic acquisitions to bolster its operationally capability, including a $10,000,000 purchase of coil tubing assets from Keane Group, Inc. in December 2017[3] and an agreement with Liberty Oilfield Services to

---

[1] See "Patriot Well Solutions Acquires Large Diameter Coiled Tubing Spreads" Patriot Website (available at http://www.patriotwell.com/company-news/9-patriot-well-solutions-acquires-large-diameter-coiled-tubing-spreads).
[2] See "White Deer Portfolio - Patriot Well Solutions" White Deer Energy Website (available at http://www.whitedeerenergy.com/portfolio/).
[3] Keane Group, Inc., Form of Prospectus (Form 424(b)(1)) (Jan. 17, 2018).

control and operate Liberty's coiled tubing assets in order to provide coiled tubing and nitrogen services.[4]

4.      Patriot is actively operating at oilfields in Wyoming, Colorado, North Dakota, and Texas.[5]

5.      In order to offer its services, Patriot employs well over 100 Wireline Operators throughout the United States.

6.      Carr and similarly situated Wireline Operators typically work at least twelve-hour shifts, seven days a week, for weeks at a time, all while in some of the harshest working conditions.

7.      Carr and similarly situated Wireline Operators were paid at a fixed hourly rate and also received regular non-discretionary job bonuses as part of their customary wages.

8.      The job bonuses are non-discretionary because they are based upon the number of completions an operator performs in the field and the revenue derived from a job at an oil well.

9.      Generally, the bonus is paid approximately once a month.

10.     Despite treating its Wireline Operators as non-exempt employees, Patriot has failed to properly pay overtime compensation at 1.5 times Wireline Operators' regular rate of pay.

11.     Specifically, Patriot does not factor in all forms of compensation – including the non-discretionary job bonuses – when calculating the regular rate of pay for purposes of calculating and paying overtime.

12.     As a result, Patriot has significantly underpaid Carr and other Wireline Operators for overtime hours worked.

13.     Carr brings this action on behalf of himself and similarly situated current and former Wireline Operators who elect to opt-in to this action pursuant to the FLSA, and specifically, the

---

[4] *See* "Patriot Well Solutions Announces Coiled Tubing Asset Agreement" Patriot Website (available at (http://www.patriotwell.com/company-news/8-patriot-well-solutions-announces-coiled-tubing-asset-agreement).
[5] *See* "Operations" Patriot Website (available at http://www.patriotwell.com/operations).

collective action provision of 29 U.S.C. § 216(b) to remedy violations of the wage-and-hour provisions of the FLSA by Patriot that have deprived Carr and similarly situated employees of their lawfully earned wages.

14.    Carr also brings this action on behalf of himself and similarly situated Wireline Operators in Colorado pursuant to Federal Rule of Civil Procedure ("Rule 23") to remedy violations of Colorado Wage Claim Act, Colo. Rev. Stat. §§ 8-4-101, *et seq.* and Colorado Minimum Wage Order Number 34, 7 CCR 1130-1 (together "Colorado Wage Laws").

### JURISDICTION AND VENUE

15.    This Court has original jurisdiction under 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331(a), 1332(a), and/or pursuant to 28 U.S.C. § 1367.

16.    The proposed collective action includes a total number of plaintiffs in excess of 50.

17.    Venue is proper in the Western District of Texas, San Antonio Division, because Defendant performs business and maintains an office in this District.

### PARTIES

18.    Reece Carr is an adult individual who is currently resident of the State of Colorado. Carr performed work for Patriot in Colorado, Wyoming, and Texas during his employment.

19.    Carr was employed by Patriot as a Wireline Operator from approximately August 2017 to December 2018.

20.    At all relevant times, Carr was an "employee" of Patriot as defined by the FLSA and Colorado Wage Laws.

21.    At all relevant times, Patriot was Carr's "employer" as defined in the FLSA and Colorado Wage Laws.

22.    A written consent form for Carr is being filed with this Class and Collective Action Complaint.

**DEFENDANT**

23.     Patriot Well Solutions LLC is a foreign business corporation organized and existing under the laws of Delaware.

24.     The corporate headquarters for Patriot Well Solutions LLC is 475 17th Street, Suite 1020, Denver, CO 80202.

25.     At all relevant times, Patriot Well Solutions LLC has maintained control, oversight, and direction over Carr and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

26.     Patriot Well Solutions LLC applied the same employment policies, practices, and procedures to all Wireline Operators at their worksites throughout the United States.

27.     At all times relevant, Patriot Well Solutions LLC's annual gross volume of sales has exceeded $1,000,000.

**FACTS**

**28.**     Consistent with their policies and patterns or practices as described herein, Defendant harmed Carr, individually, as follows:

29.     Carr was employed by Patriot as a non-exempt Wireline Operator from approximately August 2017 to December 2018.

30.     During this time, Carr was assigned to Patriot's operations in Brighton, Colorado and Pleasanton, Texas, and at times, performed work in Wyoming.

31.     During the course of his employment, Carr regularly worked over 40 hours per week. In this regard, Car was assigned to daily job shifts at least 12 hours in length.

32.     During his employment, Carr was assigned a schedule of "hitches."[6]

33.     Generally, Carr was assigned to a hitch schedule of 14 days on and 7 days off ("14/7").

---

[6] A hitch is a length of continuous employment followed by a set amount of days off.

34.     As a result, Carr consistently worked over 40 hours per week.

35.     Defendant paid Carr with an hourly rate and non-discretionary job bonuses.

36.     The job bonuses are non-discretionary because they are based upon the number of completions an operator performs in the field and the revenue derived from a job at an oil well. Generally, the bonus is paid approximately once a month.

37.     Patriot failed to properly pay overtime compensation Car at no less than 1.5 times his regular rate of pay. Instead, Patriot only paid Carr 1.5 times his base hourly wage rate, and failed to factor in non-discretionary job bonuses into his regular rate of pay.

38.     By failing to factor in non-discretionary job bonuses, Defendant paid overtime at an artificially lower rate than what the law requires.

## COLLECTIVE/CLASS ALLEGATIONS

39.     Carr brings the First Cause of Action, a FLSA claim, on behalf of himself and all similarly situated persons who work or have worked for Patriot as Wireline Operators and other similar titles nationwide who elect to opt-in to this action (the "FLSA Collective").

40.     Carr brings the Second Cause of Action, an overtime claim under Colorado Wage Laws, on behalf of himself and all similarly situated persons who have worked as Wireline Operators and other similar titles for Patriot in Colorado (the "Colorado Class").

41.     Defendant is liable under the FLSA and Colorado Wage Laws for, *inters alia*, failing to properly compensate Carr and Class Members.

42.     Consistent with Defendant's policies and patterns or practices, Carr and the Class Members were not paid the proper premium overtime compensation when they worked beyond 40 hours in a workweek.

43.    All of the work that Carr and the Class Members have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Carr and the Class Members have performed.

44.    As part of their regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and Colorado Wage Laws with respect to Carr and the Class Members.

45.    This policy and pattern or practice includes, but is not limited to, willfully failing to pay its employees, including Carr and Class Members, the correct premium overtime wages for hours that they worked in excess of 40 hours per workweek.

46.    Defendant's unlawful conduct, as described in this Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by under calculating employees' regular rate of pay.

47.    Defendant is aware or should have been aware that federal and state law required them to pay Carr and the Class Members an overtime premium that included non-discretionary job bonuses in its calculation.

48.    Carr and the Class Members perform or performed the same primary duties.

49.    There are many similarly situated current and former Wireline Operators who have been undercompensated in their overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

50.    This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

51.    Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

### FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of Carr and the FLSA Collective)

52.    Carr realleges and incorporates by reference all allegations in all preceding paragraphs.

53.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendant and protect Carr and the members of FLSA Collective.

54.     Defendant failed to pay Carr and the FLSA Collective the premium overtime wages to which they were entitled under the FLSA – at a rate of 1.5 times their regular rate of pay, which includes all total earnings per workweek, including non-discretionary job bonuses, for all hours worked beyond 40 per workweek.

55.     Defendant's unlawful conduct, as described in this Complaint, has been willful and intentional. Defendant was aware or should have been aware that the practices described in this Class Action Complaint were unlawful. Defendant did not make a good faith effort to comply with the FLSA with respect to the compensation of Carr and the FLSA Collective. As such, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

56.     As a result of Defendant's willful violations of the FLSA, Carr and the FLSA Collective have suffered damages by being denied overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

SECOND CAUSE OF ACTION
Colorado Wage Laws – Overtime Wages
(Brought on Behalf of Carr and the Colorado Class)

57.     Carr realleges and incorporates by reference all allegations in all preceding paragraphs.

58.     At all times relevant, Defendant has been an "employer" within the meaning of the Colorado Wage Laws – Colo. Rev. Stat. §§ 8-4-101, *et seq.* and 7 CCR 1130-1.

59.     At all times relevant, Carr and the Colorado Class have been "employees" of Defendant within the meaning of the Colorado Wage Laws - Colo. Rev. Stat. §§ 8-4-101, *et seq.* and 7 CCR 1130-1.

60.     Defendant failed to pay Carr and the Colorado Class the premium overtime wages to which they were entitled under Colo. Rev. Stat. §§ 8-4-101, *et seq.* and 7 CCR 1130-1 – at a rate of 1.5 times their regular rate of pay – for all hours worked beyond 40 per workweek.

61.     Through their knowing or intentional failure to pay Carr and the Colorado Class the appropriate overtime wages for hours worked in excess of 40 hours per workweek, Defendant willfully violated the Colorado Wage Laws - Colo. Rev. Stat. §§ 8-4-101, *et seq.* and 7 CCR 1130-1.

62.     Due to Defendant's willful violations of the Colorado Wage Laws, Carr and the Colorado Class are entitled to recover from Defendant their unpaid overtime wages, applicable penalties, and reasonable attorneys' fees and costs pursuant to Colo. Rev. Stat. §§ 8-4-101, *et seq.* and 7 CCR 1130-1.

## PRAYER FOR RELIEF

**Wherefore**, Carr, individually, and on behalf of the FLSA Collective and the Colorado Class, respectfully request that this Court grant the following relief:

A.     That, at the earliest possible time, Carr be allowed to give notice of this collective action, or that the Court issue such notice, to all Wireline Operators and other similarly situated workers who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked at Patriot nationwide. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.     Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.     Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.    Designation of Carr as a representative of the Colorado Class and counsel of record as Class Counsel;

E.    Unpaid overtime wages and applicable penalties as permitted by law pursuant to Colorado Wage Laws;

F.    Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA, as well as under the relevant state laws.

G.    Reasonable attorneys' fees and costs of the action; and

H.    Such other relief as this Court shall deem just and proper.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

**/s/ Rex Burch**

Richard (Rex) Burch
Texas Bar No. 24001807
8 Greenway Plaza #1500
Houston, Texas 77046
Telephone: (713) 877-8788

William R. Liles
State Bar No. 24083395
wliles@mybackwages.com
**JOSEPHSON DUNLAP LAW FIRM**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Telephone: 713-352-1100
Facsimile: 713-352-3300

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli, *pro hac vice forthcoming*
Armando A. Ortiz, *pro hac vice forthcoming*
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212) 300-0375

*Attorneys for the Plaintiff and Putative Collective and Class*

## FAIR LABOR STANDARDS ACT CONSENT

1.      I consent to be a party plaintiff in a lawsuit against PATRIOT WELL SOLUTIONS and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.      By signing and returning this consent form, I hereby designate FITAPELLI & SCHAFFER, LLP ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement.  I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs.  I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 40% of the gross settlement or judgment amount.  I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

*Reece Carr*
Reece Carr (Jan 4, 2019)
_____
Signature

# Reece Carr
_____
Full Legal Name (Print)

EXHIBIT 1